**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TRICO PRODUCTS CORPORATION,
a New York corporation,

           Plaintiff,

v.                                               Case No. 12-CV-14066
                                                    Honorable Denise Page Hood

ENGLAND LOGISTICS, INC.,
a Utah corporation,

           Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT [#20] AND SETTING STATUS CONFERENCE**

On September 12, 2012, Plaintiff filed a Complaint against England Logistcs, Inc., seeking "a declaration that England breached the agreement, failed to cure the breach and that Trico properly terminated the agreement." **[Docket No. 1]** Now before the Court is Plaintiff's Motion for Leave to File Amended Complaint, adding a cause of action for breach of contract. **[Docket No. 20, Filed January 29, 2014]**. Defendant filed an Opposition to this motion **[Docket No. 22, filed February 12, 2014]** to which Plaintiff filed a reply. **[Docket No. 23, filed February 28, 2014]** For the reasons stated below, Plaintiff's motion is **GRANTED**.

## I.     BACKGROUND

Plaintiff's Complaint alleges that it entered into an agreement with Defendant in which Defendant was to "provide transportation management services and freight carrier contracting pricing to Trico with the purpose of reducing Trico's costs for freight transportation." Compensation for Defendant's services was based, in part, on the amount of cost savings Plaintiff realized as a result of Defendant's work. Plaintiff alleges that Defendant "repeatedly failed to perform" which resulted in Plaintiff and Defendant negotiating and amending the agreement to allow Plaintiff to "terminate the agreement if, in [Plaintiff's] sole discretion, [Defendant] failed to reasonably meet [Plaintiff's] performance requirements."

Some time after the agreement was amended, Plaintiff learned that it could independently lower its own freight prices and "provided written notice to [Defendant] of these facts and of [Defendant's] failure to meet [its] performance requirements." Plaintiff contends that after receiving notice, Defendant failed to cure its performance and its failure to meet Plaintiff's performance requirements. Plaintiff terminated the agreement.

In the initial Complaint, Plaintiff had one claim for relief: declaratory judgment. Plaintiff sought a declaration that England breached the agreement, failed to cure the

breach, and that Trico properly terminated the agreement. In the instant motion, Plaintiff requests this Court grant leave to file an Amended Complaint. Specifically, Plaintiff requests leave to add an additional claim for relief: breach of contract. In addition to a declaratory judgment, Plaintiff now seeks $5,073,102 in losses.

## II.  ANALYSIS

Defendant opposes Plaintiff amending its complaint. First, Defendant argues that this Court should not grant leave to amend because Plaintiff has shown "undue delay" in failing to submit a motion to amend until seventeen months after filing the initial Complaint. Defendant states that at the end of January, 2014, the "parties began discussions on participating in voluntary facilitative mediation" at which time Defendant was "first informed of Trico's intention to file an amended complaint." Defendant argues in the seventeen months following Plaintiff's filing of the Complaint, Plaintiff "had not conducted any discovery and . . . had not learned of any new facts." Defendant contends that Plaintiff is now "seeking the amendment . . . to create leverage in settlement negotiations during mediation and add unnecessary costs in delaying the case."

Defendant further argues that it would be unduly prejudiced if the Court allows Plaintiff to amend its Complaint. Defendant states that Plaintiff seeks leave to amend "1 month from the close of discovery and after [Defendant] has conducted its written

3

discovery." Based on the trial schedule, discovery was set to close on March 3, 2014, but was recently amended by stipulation to May 30, 2014. Defendant contends that because it does not have an opportunity to submit additional interrogatories because it has used the 25 allotted during the original discovery period, it would be prejudiced by amendment to the initial Complaint. Defendant also alleges that an amendment would "increase costs" and "unnecessarily delay the case."

In response to Defendant's arguments, Plaintiff contends that in the parties' Joint Report on Rule 26 Conference, the parties agreed that the "[d]eadline to join other parties and to amend the pleadings [was] January 31, 2014." **[Docket No. 14, filed September 6, 2013]** Plaintiff contends that because it "sought leave to amend its complaint in advance of that deadline" and the Rule 26(f) Report constituted "written consent of the adverse party" for purposes of Federal Rule of Civil Procedure 15(a), Defendant cannot claim prejudice or undue delay.

Defendant filed its answer and counterclaim on July 15, 2013. **[Docket No. 12]** Plaintiff asserts that Defendant's argument that Plaintiff waited seventeen months to file its proposed amendment fails to mention that Plaintiff "filed its motion for leave to file its amended complaint fewer than seven months after [Defendant] had appeared in the case" and that "[t]he ten-month difference results from the fact that after filing its complaint, [Plaintiff] refrained from effecting service of that lawsuit on England

in order to avoid disrupting the parties' settlement negotiations." *See* Docket No. 5, Order Vacating Order to Show Cause and Directing Plaintiff to Serve Defendant. Plaintiff apprises the Court that it resumed its prosecution of this litigation only after Defendant refused to sign the letter of agreement memorializing the agreement that Plaintiff believed the parties had reached.

Plaintiff further argues that though Defendant believes that it has not conducted any discovery that would lead to an additional claim for relief, it has conducted an "extensive review of correspondence between the parties and interviewed numerous witnesses who have knowledge regarding the parties' dispute." This discovery, Plaintiff claims, has lead to not only the conclusion that it had a "valid basis to terminate the parties' agreement based on [Defendant's] non-performance," but also that Defendant's "systemic failure to perform caused [Plaintiff] to incur significant damages." For discovery purposes and the prejudice that Defendant argues it would suffer because discovery has closed and it has used its allotted number of interrogatories, Plaintiff states that it would "agree to allow [Defendant] to serve a reasonable number of additional interrogatories addressing [Plaintiff's] damages" claim.

A party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty-one days of serving its pleading if no

5

responsive pleading is required. Fed. R. Civ. P. 15(a)(2). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Allowing an amendment is within the discretion of the trial court. *See General Electric Co. v. Sargent & Lundy*, 916 F. 2d 1119, 1130 (6th Cir. 1990). In evaluating the interests of justice, courts consider several factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *See Coe v. Bell,* 161 F.3d 320, 341 (6th Cir. 1988).

Reviewing the facts as they have been presented in this case, the Court is satisfied that Defendant will not be unduly prejudiced if the Court allows Plaintiff to file its Amended Complaint. Plaintiff sought leave of the Court to amend within the time-frame contemplated by the parties for actions such as these. The Court is unpersuaded that Defendant will be unduly prejudiced for discovery purposes because the Court has already extended discovery and will now allow Defendant to present additional interrogatories based on this additional claim for relief. The Court notes that this additional claim has not added any new exhibits to those attached to the initial Complaint.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**.

**IT IS ORDERED** that Defendant shall have fourteen (14) days to respond to the Amended Complaint following the filing of the corrected Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant shall be allowed 25 additional interrogatories based on Plaintiff's breach of contract claim.

**IT IS FURTHER ORDERED** that the Court will conduct a status conference by telephone on Thursday, June 5, 2014, at 2:30 p.m.

                S/Denise Page Hood
                Denise Page Hood
                United States District Judge

Dated: March 6, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 6, 2014, by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager